IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3300-F

| | |
|---|---|
| MARCUS ANTOINE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| DR. MICKLOS, | ) |
| | ) |
| Defendant. | ) |

On December 5, 2013, Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, Plaintiff has filed two motions to amend [DE-6, 7] as well as numerous other supplemental filings [DE-5, 9, 10, 11]. Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once as a matter of course within 21 days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). Defendants have not yet been served in this matter, and therefore have not filed a responsive pleading. Accordingly, Plaintiff's motions to amend [DE-6,7] are ALLOWED. All of Plaintiff's filings have been considered by the court during its frivolity review.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). A case is frivolous if "it

lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff contends that he has received inadequate health care. However, Plaintiff does not allege that Defendant was deliberately indifferent to his serious medical needs, but rather that Defendant was negligent in his diagnosis. Indeed, Plaintiff describes his claim, in part, as one for "medical malpractice." Am. Compl. [DE-6-1], pp. 4-5. For example, Plaintiff concedes Defendant provided treatment for his medical needs. Compl. [DE-1], p. 4. However, Plaintiff contends that he "was misdiagnos[ed] by [Defendant]." Pl. April 24, 2013 Letter [DE-5], p. 2. Likewise, Plaintiff asserts that Defendant exhibited "bad medical judgment." Am. Compl. [DE-6-1], p. 4. As relief, Plaintiff requests that Defendant be "fired." Compl. [DE-1], p. 4.

2

To state a claim under 42 U.S.C. § 1983 for inadequate medical care, an incarcerated prisoner must show deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). In order to prove such a claim, Plaintiff "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to [his] 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir.2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A prisoner, however, is not entitled to choose his course of treatment. See Russell v. Sheffer, 528 F.2d 318, 318-19 (4th Cir.1975) (per curiam). Likewise, mere negligence in diagnosis or treatment does not state a constitutional claim. Estelle, 429 U.S. at 105-06. Thus, to the extent Plaintiff alleges that Defendant's treatment was ineffective, this does not give rise to a constitutional violation. See, e.g., Russell, 528 F.2d at 319; Starling v. United States, 664 F.Supp.2d 558, 569-70 (D.S.C.2009); see also Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (finding that negligent acts are not sufficient to establish a constitutional violation). In sum, Plaintiff, at most, states a claim for negligence or medical malpractice, which does not arise to the level of an Eighth Amendment violation. See Estelle, 429 U.S. 97, 105-06 (1976); Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir.1986). Accordingly, Plaintiff's claims shall be DISMISSED.

## CONCLUSION

Plaintiff's motions to amend [DE-6, 7] are ALLOWED. However, for the reasons stated above, the matter is DISMISSED as frivolous. Plaintiff's remaining motions [DE-9, 10][1] are DENIED AS MOOT, and the Clerk of Court is DIRECTED to close the case.

---

[1] In his remaining motions, Plaintiff seeks, *inter alia*, a hearing on his claims.

3

SO ORDERED. This the 27th day of October, 2014.

*James C Fox*
JAMES C. FOX
Senior United States District Judge

4